## KIRK KERN and N. STANDLEY v. STATE.

No. A-167.  Opinion Filed December 14, 1910.

1. ANIMALS—Death by Disease—Failure to Burn Carcass. If the owner of a hog which had died of disease fails and refuses to burn the carcass of said hog within twenty-four hours after he had notice or knowledge of the fact that said hog had died of disease, the failure to burn said hog will be a violation of sec. 212, Snyder's Comp. Laws of Oklahoma, 1909.

2. SAME—Sale of Diseased Meat. If any person sells any part of the carcass of a hog or disposes of it in any manner whatsoever,

except to burn the same, knowing that said hog had died of any disease, said person so selling said hog will be guilty of violating section 216 of Snyder's Comp. Laws of Oklahoma, 1909.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court; M. N. Alexander, Judge.*

Appellants were convicted for a violation of section 31 of Snyder's Comp. Laws of Okla. 1909, and were found guilty and each find $100 and thirty days' confinement in the county jail. This prosecution should have been based on secs. 212, and 216, Snyder's Comp. Laws of Okla. 1909. Defendants appealed. Reversed.

*Barclay Morgan* and *Wm. E. Foster,* for appellants.
*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE. The information in this case is as follows:

"In the name and by the authority of the State of Oklahoma. Now comes Joe S. Eaton, the duly qualified and acting county attorney, in and for Okmulgee County, State of Oklahoma, and gives the County Court of Okmulgee County, State of Oklahoma, to know and be informed that Kirk Kern and N. Standley did, in Okmulgee County, and in the State of Oklahoma, on or about the..................................day of December, in the year of our Lord One Thousand Nine Hundred and Eight, and anterior to the presentment hereof, commit the crime of offering unwholesome meat for sale, in the manner and form as follows, to wit: That your affiant was, in the month of December, 1908, called upon by Kirk Kern and N. Standley to inspect certain swine, which was then and there the property of the said Kirk Kern and N. Standley; that, acting in the capacity of a live stock inspector, and exercising the duties of his office as such inspector, he inspected certain swine belonging to the said Kirk Kern and N. Standley, and found that one swine, which he was called upon to inspect, had died from some unknown cause, and in the exercise of his duties as such inspector, your affiant says that he then and there ordered and directed the defendants not to expose, sell or offer for sale, the meat of said swine; that in violation, evasion and disregard of said directions and order, as aforesaid made to defendants, the said defendants did unlawfully, willfully and

wrongfully expose, sell and offer for sale, parts of said swine, so as aforesaid inspected, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.                                    "JOE S. EATON,
                                         "County Attorney."

This information was based on section 31 of Snyder's Comp. Laws of Okla. 1909. The testimony in the case showed that the hog in question had died of some disease. It would be useless consumption of time to discuss the law upon which this information is based, because clearly the facts in this case constitute entirely separate and distinct offenses from that provided by section 31, above referred to. Section 31 only applies to acts not otherwise provided for by the laws of the state. Section 212 of Snyder's Comp. Laws of Okla. 1909 provides that when any hog dies of any disease, it shall be burned, and makes it a crime for the owner of said hog to fail to burn the carcass thereof within twenty-four hours after he has had notice or knowledge of the death of such hog by such disease. Section 216 makes it a crime for any person to barter, sell or dispose of the carcass of any swine or other domestic animal which had died of any infectious disease for any purpose whatsoever except to burn the same. Therefore section 31 has no application to the facts of this case. If the defendants in this case neglected or failed to burn the carcass of the hog in question within twenty-four hours after they had received notice or knowledge of the fact that said hog had died of disease, then they should be prosecuted under section 212; and if they went further and sold or disposed of any of the carcass of the hog in question, knowing that it had died of disease, to any person for any purpose whatsoever, they should be prosecuted under section 216.

The evidence in this case proves two separate and distinct offenses: first, a violation of section 212 in not burning said hog after they had received notice of the fact that it had died of disease, and, second, by selling any portion of the carcass of said hog, knowing that it had died of disease.

The conviction in this case is therefore set aside and the

cause is reversed, with directions to the county court to dismiss this prosecution.

If the testimony introduced upon this trial is still accessible to the county attorney, he should institute two prosecutions against the defendants—one for a violation of section 212, and one for a violation of section 216, above referred to.

Reversed and remanded.

DOYLE and RICHARDSON, JUDGES, concur.